IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| London Wooden, | ) | C/A No. 4:19-cv-00927-SAL |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **OPINION & ORDER** |
| Warden, Perry Correctional Institution, | ) | |
| Respondent. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Petitioner London Wooden ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On July 15, 2019, Respondent Warden, Perry Correctional Institution ("Respondent") filed a motion for summary judgment, seeking judgment in its favor on Petitioner's request for habeas corpus relief. [ECF No. 22.] The Magistrate Judge issued a *Roseboro* Order, directing the clerk of court to forward the summary judgment explanation to Petitioner and directing the Petitioner to respond to the motion for summary judgment in 31 days. [ECF Nos. 24, 25.] Petitioner filed a response to the motion for summary judgment, and Respondent filed a reply. [ECF Nos. 30, 31.]

On December 27, 2019, the Magistrate Judge issued the Report, recommending this Court grant Respondent's motion for summary judgment and that the petition be dismissed without an evidentiary hearing. [ECF Nos. 32.] Attached to the Report was the notice of right to file

1

objections. *Id.* Respondent filed an objection on December 30, 2019, ECF No. 34, and Petitioner filed objections on January 13, 2020, ECF No. 37. Respondent submitted a response to Petitioner's objections on January 21, 2020. [ECF No. 39.] The matter is ripe for this Court's determination.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the

opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

Petitioner's habeas petition raises the following two issues:

> **GROUND ONE:** Ineffective Assistance of Trial Counsel failing to Challenge the probative value of States DNA expert Opinion being outweighed by unfair prejudice.
>
> **GROUND TWO:** Involuntary guilty Plea.

[ECF No. 1 (errors in original).] In support of the first ground, Petitioner alleges that the "DNA expert was unable to determine a mixture or not from swabs from .25 caliber pistol but went outside her knowledge to commit conformational bias stating an unscientific opinion that the DNA belong to one person, the defendant." *Id.* (errors in original). And, in support of the second ground, Petitioner states that he pleaded "guilty to Burglary first to prevent life sentence after found Guilty of Murder was scheduled for trial for the Burglary first But trial Counsel wasn't prepared for My Murder trial Which is Results of Being found Guilty So I was forced to Plea or face life sentence with trial Counsel Because He Had no prepared for Burglary first Also." *Id.* (errors in original). The Report thoroughly analyzed and addressed both grounds.

**1. Ground One: Ineffective Assistance of Trial Counsel in Challenging DNA Expert.**

The Report found Ground One was procedurally defaulted in state court and, therefore, is barred from federal habeas review. [ECF No. 32 at pp.13–15.] Where there is a procedural bar, federal courts will decline to hear the claim unless the petitioner "succeeds in showing both 'cause'

3

for noncompliance with the state rule and 'actual prejudice' resulting from the alleged constitutional violation." *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). Petitioner's objection to Ground One relates solely to the Report's finding that he "did not present sufficient cause to excuse the default of his claim[.]" [ECF No.37 at p.1.] According to Petitioner, his response in opposition to summary judgment explained that his PCR counsel failed to file a Rule 59(e) motion and that "the underlying ineffective-assistance-of-counsel claim is a substantial one." *Id.* The objection is without merit.

In *Coleman v. Thompson*, 501 U.S. 722, 757 (1991), the Supreme Court held that because a habeas petitioner has no constitutional right to counsel in state postconviction proceedings, the ineffectiveness of post-conviction counsel cannot establish "cause" to excuse the procedural default. The Supreme Court established a limited exception to this rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). To establish "cause" under *Martinez*, a party must demonstrate (1) that his counsel in the initial-review collateral proceeding (PCR counsel) was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); and (2) the underlying claim for ineffective assistance of counsel is "a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14. The Court has reviewed the record before it and agrees with the Report's finding that Petitioner has not shown that his PCR counsel was ineffective under *Strickland* or that the underlying ineffective assistance claim is a substantial one. [ECF No. 32 at n.5.]

To succeed in establishing the first prong of the *Martinez* limited exception, Petitioner must come forward with evidence that his PCR counsel was ineffective under *Strickland*. While Petitioner argues that his PCR counsel was ineffective for failing to file a Rule 59(e) motion, he fails to identify how this failure meets the requirements of *Strickland*. Namely, Petitioner fails to come forward with any evidence that his "counsel's representation fell below an objective standard

of reasonableness" and that he was prejudiced as a result. *Strickland*, 466 U.S. at 687–88. Moreover, the Petitioner's blanket contention that the "the underlying ineffective-assistance of counsel claim is a substantial one" is insufficient. As noted in the Report, the PCR court found that trial counsel was not ineffective in challenging the DNA expert. [ECF No. 32 at n.3.] In fact, the PCR court found that trial counsel effectively cross-examined the DNA expert. This Court agrees with the analysis in the Report. Petitioner's objection fails. *See Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995) (without a showing of "cause," the court is not required to consider "actual prejudice").

2. **Ground Two: Involuntary Guilty Plea Due to Ineffective Assistance of Counsel.**

As to Ground Two, the Report considered the issue on the merits out of an abundance of caution. The Report considered the claim as one of ineffective assistance of trial counsel for advising Petitioner to enter a guilty plea for first degree burglary after being convicted of murder and the weapons charge, recommending that the Court grant summary judgment in favor of Respondent and dismiss the case without an evidentiary hearing. [ECF No. 32 at pp.15–23.] Both parties filed objections as to the Report's recommendation. While Respondent agrees with the Report's finding that Ground Two lacks merit, Respondent objects to the extent the Report does not find the ground procedurally barred.[1] Petitioner objects to three findings in the Report: (1) that he failed to show that the state court denial of relief was based on an objectively unreasonable determination of the facts based on the state court record; (2) that he failed to show an incorrect application of *Strickland* or an unreasonable determination of the facts in light of the evidence

---

[1] Respondent supports this objection by incorporating "the reasons set forth in its Return and Memorandum of Law." [ECF No. 39 at n.1.] A rehashing of arguments is not a specific objection requiring de novo review. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Workman v. Perry*, No. No. 6:17-cv-765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Respondent's objection is overruled.

5

presented to the state court; and (3) that Respondent's motion for summary judgment should be granted and petition dismissed without an evidentiary hearing. [ECF No. 37.] Petitioner also argues that Ground Two "should not be barred for failure to raise it in a belated appeal, cause trial counsel was clearly ineffective for failing to file a appeal and state consented to allow the full evidentiary hearing at PCR." *Id.* (errors in original). All three points are addressed, in turn.

This Court considers (1)–(3) together, as they are related objections. The three objections fail to identify how the state court's denial of relief was based on an objectively unreasonable determination of the facts; how Petitioner showed an incorrect application of *Strickland* or an unreasonable determination of the facts in light of the evidence; or why the motion should not be granted. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Yet, even if Petitioner's blanket and conclusory contentions are construed as specific objections, they fail to indicate any errors in the Report. The Report properly found that Petitioner failed to show that the state court denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As noted in the Report, there is a presumption of correctness in state court factual findings. 28 U.S.C. § 2254(e)(1). To overcome the presumption, the Petitioner must come forward with evidence that the state court decision was "sufficiently against the weight of the evidence" such that it is "objectively unreasonable." *Gray v. Zook*, 806 F.3d 783, 790 (4th Cir. 2015). Petitioner did not meet this burden. The PCR court's rejection of the claim in Ground Two did not result "in a decision that was contrary to . . . clearly established Federal law, . . . or . . . in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. §§ 2254(d)(1)–(2). Summary judgment in favor of Respondent is proper.

Finally, Petitioner's argument that Ground Two should not be barred for failure to raise it in the direct appeal fails. The Report considered the merits of the issue in Ground Two, as did this Court. After carefully reviewing the applicable law, the record in this case, the Report, and the objections thereto, this Court finds that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

For the reasons set forth above, the Report [ECF No. 32] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment [ECF No. 22] is **GRANTED** in its **ENTIRETY**, and the petition [ECF No. 1] is **DISMISSED** with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

February 26, 2020
Florence, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."